U.S. v. Melvin E. Rivera-Oliveras

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**[1] MELVIN E. RIVERA-OLIVERAS,**<br>Defendant. | CRIMINAL NO. 25-142 (MAJ) |



## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **[1] MELVIN E. RIVERA-OLIVERAS**, and Defendant's counsel, Jackson Whetsel, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One to Fifteen and Thirty-One to Forty of the Indictment, in violation of 18 U.S.C. § 1344.

<u>COUNTS ONE TO FIFTEEN</u> *(Bank Fraud, Title 18, <u>United States Code,</u> § 1344).* *Paragraphs 1 through 19 are re-alleged and incorporated herein by reference, as if fully set forth herein. From on or about October 1, 2020, through on or about November 3, 2020, in the District of Puerto Rico and within the jurisdiction of this Court, defendant* **[1] MELVIN E. RIVERA-OLIVERAS**, *did knowingly execute and attempt to execute a scheme and artifice to defraud*

BPPR, a financial institution insured by the FDIC, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME TO DEFRAUD

It was the purpose of the scheme and artifice to defraud for Defendant **[1] MELVIN E. RIVERA-OLIVERAS** to unlawfully enrich himself by defrauding BPPR, a financial institution with deposits insured by the FDIC.

### MANNER AND MEANS OF THE SCHEME

It was part of the manner and means of the scheme and artifice to defraud that Defendant **[1] MELVIN E. RIVERA-OLIVERAS** would use the POS system registered to Rossy Transport Memorial, with MERCH ID 2370, to conduct fraudulent refund transactions using debit cards ATH X3058 and VISA X5083 associated with BBPR personal account ending in X1359.

Each execution of the scheme and artifice, specifically each time Defendant requested BPPR to issue a fraudulent refund to debit cards ATH X3058 and VISA X5083 associated with BBPR personal account ending in X1359, constituted a false representation that was material in that BPPR was influenced to believe that a legitimate refund transaction had been submitted and BPPR made the funds available to BPPR bank account ending in X1359.

### ACTS IN EXECUTION OF THE SCHEME

In order to execute the scheme to defraud, Defendant **[1] MELVIN E. RIVERA-OLIVERAS**, submitted, and caused to be submitted the following, among others:

U.S. v. Melvin E. Rivera-Oliveras

| Count | Date | Action | Refund Amount Submitted |
|---|---|---|---|
| One | October 1, 2020 | Submitted refund to BPPR with debit card X5083 | $27,000 |
| Two | October 2, 2020 | Submitted refund to BPPR with debit card X5083 | $55,000 |
| Three | October 8, 2020 | Submitted refund to BPPR with debit card X5083 | $90,000 |
| Four | October 9, 2020 | Submitted refund to BPPR with debit card X3058 | $2,000 |
| Five | October 10, 2020 | Submitted refund to BPPR with debit card X5083 | $99,000 |
| Six | October 14, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Seven | October 14, 2020 | Submitted refund to BPPR with debit card X3058 | $6,800 |
| Eight | October 23, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Nine | October 23, 2020 | Submitted refund to BPPR with debit card X5083 | $21,000 |
| Ten | October 25, 2020 | Submitted refund to BPPR with debit card X3058 | $14,587 |
| Eleven | October 28, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Twelve | October 29, 2020 | Submitted refund to BPPR with debit card X3058 | $26,000 |
| Thirteen | October 29, 2020 | Submitted refund to BPPR with debit card X5083 | $80,000 |
| Fourteen | October 31, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Fifteen | November 3, 2020 | Submitted refund to BPPR with debit card X5083 | $5.00 |

*All in violation of Title 18, United States Code, Section 1344*

**COUNTS THIRTY-ONE TO FORTY** *(Bank Fraud, Title 18, United States Code, § 1344).*

*Paragraphs 1 through 19 are re-alleged and incorporated herein by reference, as if fully set forth herein. From on or about July 1, 2022, through on or about July 8, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, defendants [1] MELVIN E. RIVERA-OLIVERAS, and [2] ROSSY SPORT BAR PANORAMICO, LLC, did knowingly execute and attempt to execute a scheme and artifice to defraud FirstBank, a financial institution insured*

by the FDIC, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME TO DEFRAUD

It was the purpose of the scheme and artifice to defraud for Defendant **[1] MELVIN E. RIVERA-OLIVERAS** and Defendant **[2] ROSSY SPORT BAR PANORAMICO, LLC** to unlawfully enrich themselves by defrauding FirstBank, a financial institution with deposits insured by the FDIC.

### MANNER AND MEANS OF THE SCHEME

It was part of the manner and means of the scheme and artifice to defraud that Defendant **[1] MELVIN E. RIVERA-OLIVERAS** and Defendant **[2] ROSSY SPORT BAR PANORAMICO, LLC** used the POS system registered to Utuado Tire Center, with MERCH ID 5712, to conduct fraudulent refund transactions using debit card X5724 associated with FirstBank account ending in X1113.

Each execution of the scheme and artifice, specifically each time Defendants requested FirstBank to issue a fraudulent refund to debit card X5724 associated with FirstBank account ending in X1113, constituted a false representation that was material in that FirstBank was influenced to believe that a legitimate refund transaction had been submitted and FirstBank made the funds available to FirstBank account ending in X1113.

U.S. v. Melvin E. Rivera-Oliveras

## ACTS IN EXECUTION OF THE SCHEME

In order to execute the scheme to defraud, Defendant [1] MELVIN E. RIVERA-OLIVERAS and Defendant [2] ROSSY SPORT BAR PANORAMICO, LLC, submitted, and caused to be submitted the following:

| Count | Date | Action | Refund Amount Submitted |
|---|---|---|---|
| Thirty-One | July 1, 2022 | Submitted refund to FirstBank with debit card X5724 | $4,750 |
| Thirty-Two | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $5,500 |
| Thirty-Three | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $2,981 |
| Thirty-Four | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $6,000 |
| Thirty-Five | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $5,000 |
| Thirty-Six | July 4, 2022 | Submitted refund to FirstBank with debit card X5724 | $5,000 |
| Thirty-Seven | July 5, 2022 | Submitted refund to FirstBank with debit card X5724 | $9,000 |
| Thirty-Eight | July 6, 2022 | Submitted refund to FirstBank with debit card X5724 | $49,000 |
| Thirty-Nine | July 7, 2022 | Submitted refund to FirstBank with debit card X5724 | $82,719 |
| Forty | July 8, 2022 | Submitted refund to FirstBank with debit card X5724 | $90,000 |

All in violation of Title 18, United States Code, Section 1344.

2. **Maximum Penalties**

Counts One to Fifteen and Thirty-One to Forty of the Indictment: The maximum statutory penalty for the offenses, is a term of imprisonment of not more than 30 years, pursuant to pursuant to 18 U.S.C. § 1344; a fine of not more than

U.S. v. Melvin E. Rivera-Oliveras

$1,000,000 pursuant to 18 U.S.C. § 1344; and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996. The defendant agrees to the entry of an order of restitution in favor of Banco Popular de

U.S. v. Melvin E. Rivera-Oliveras

Puerto Rico in the amount of **$518,135** and FirstBank Puerto Rico in the amount of **$71,463.62**, jointly and severally with the co-defendant. The defendant also agrees to the entry of an order of restitution in favor of Oriental Bank in the amount of **$98,899.43**.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

U.S. v. Melvin E. Rivera-Oliveras

| SENTENCING GUIDELINES CALCULATIONS BANK FRAUD | USA | DEFENDANT |
|---|---|---|
| Base Offense Level, U.S.S.G. § 2B1.1(a)(1) | +7 | +7 |
| Loss amount more than $550K, U.S.S.G. § 2B1.1(b)(1)(D) | +14 | +14 |
| Money Laundering, U.S.S.G. § 2B1.1(b)(2)(B) | +1 | +1 |
| Use of sophisticated means, U.S.S.G. § 2B1.1(b)(10) | +2 | ------ |
| Acceptance of Responsibility, U.S.S.G. §3E1.1 (a) & (b) | -3 | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL (TAOL) | 21 | 19 |

| TAOL | CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|---|
| 21 | 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |
| 19 | 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |

## 8. Sentence Recommendation

As to Counts One to Fifteen and Thirty-One to Forty of the Indictment, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that Defendant will request a sentence of 30 months of imprisonment and the United States will request a sentence of 51 months of imprisonment, regardless of the Total Adjusted Offense Level and criminal history determined by the Court.

The parties agree that any recommendation by either party for a term below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

U.S. v. Melvin E. Rivera-Oliveras

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is 51 months of imprisonment or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Jackson Whetsel, Esq., and asserts that counsel has rendered effective legal assistance.

U.S. v. Melvin E. Rivera-Oliveras

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from

Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

U.S. v. Melvin E. Rivera-Oliveras

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

22. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud & Public Corruption Section
Dated: 9/25/25

_____
Melvin E. Rivera-Oliveras
Defendant
Dated: Oct. 10, 2025

_____
Marie Christine Amy
Assistant U.S. Attorney
Dated: Sep. 25, 2025

_____
Jackson Whetsel, Esq.
Counsel for Defendant
Dated: Oct. 10, 2025

U.S. v. Melvin E. Rivera-Oliveras

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: Oct. 10, 2025

_____
Melvin E. Rivera-Oliveras
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: Oct. 10, 2025

_____
Jackson Whetsel, Esq.
Counsel for Defendant

U.S. v. Melvin E. Rivera-Oliveras

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant [1] MELVIN E. RIVERA-OLIVERAS admits that Defendant is guilty as charged in the Indictment and admits the following:

In support of his guilty plea, Defendant [1] MELVIN E. RIVERA-OLIVERAS, admits to the allegations contained in paragraphs 1 through 19 in the indictment, incorporated herein by reference herein. Furthermore, Defendant [1] MELVIN E. RIVERA-OLIVERAS admits that from on or about October 1, 2020, through on or about November 3, 2020, in the District of Puerto Rico, he did knowingly execute and attempt to execute a scheme and artifice to defraud Banco Popular de Puerto Rico, a financial institution insured by the FDIC. Defendant [1] MELVIN E. RIVERA-OLIVERAS also admits that from on or about July 1, 2022, through on or about July 8, 2022, in the District of Puerto Rico, he did knowingly execute and attempt to execute a scheme and artifice to defraud FirstBank, a financial institution insured by the FDIC. This was done to obtain moneys, funds, credits, assets, securities and other property owned by, and under the control of said financial institutions, by means of materially false and fraudulent pretenses, representations, and promises for the purpose of unlawfully enriching himself and others by defrauding Banco Popular de Puerto Rico and FirstBank.

Part of the manner and means of the scheme and artifice to defraud was that Defendant **[1] MELVIN E. RIVERA-OLIVERAS** (1) used the POS system registered to Rossy Transport Memorial, with MERCH ID 2370, to conduct fraudulent refund transactions using debit cards ATH X3058 and VISA X5083 associated with BBPR personal account ending in X1359; and (2) used the POS system registered to Utuado Tire Center, with MERCH ID 5712, to conduct fraudulent refund transactions using debit card X5724 associated with FirstBank account ending in X1113. Each execution of the scheme and artifice, specifically each time Defendant requested Banco Popular de Puerto Rico to issue a fraudulent refund to debit cards ATH X3058 and VISA X5083 associated with BBPR personal account ending in X1359; and FirstBank to issue a fraudulent refund to debit card X5724 associated with FirstBank account ending in X1113, constituted a false representation that was material in that Banco Popular de Puerto Rico and FirstBank were influenced to believe that a legitimate refund transaction had been submitted and Banco Popular de Puerto Rico made the funds available to Banco Popular de Puerto Rico account ending in X1359 and FirstBank made the funds available to FirstBank account ending in X1113.

In order to execute the scheme to defraud Banco Popular de Puerto Rico, Defendant **[1] MELVIN E. RIVERA-OLIVERAS**, submitted, and caused to be submitted the following, among others:

U.S. v. Melvin E. Rivera-Oliveras

| Count | Date | Action | Refund Amount Submitted |
|---|---|---|---|
| One | October 1, 2020 | Submitted refund to BPPR with debit card X5083 | $27,000 |
| Two | October 2, 2020 | Submitted refund to BPPR with debit card X5083 | $55,000 |
| Three | October 8, 2020 | Submitted refund to BPPR with debit card X5083 | $90,000 |
| Four | October 9, 2020 | Submitted refund to BPPR with debit card X3058 | $2,000 |
| Five | October 10, 2020 | Submitted refund to BPPR with debit card X5083 | $99,000 |
| Six | October 14, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Seven | October 14, 2020 | Submitted refund to BPPR with debit card X3058 | $6,800 |
| Eight | October 23, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Nine | October 23, 2020 | Submitted refund to BPPR with debit card X5083 | $21,000 |
| Ten | October 25, 2020 | Submitted refund to BPPR with debit card X3058 | $14,587 |
| Eleven | October 28, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Twelve | October 29, 2020 | Submitted refund to BPPR with debit card X3058 | $26,000 |
| Thirteen | October 29, 2020 | Submitted refund to BPPR with debit card X5083 | $80,000 |
| Fourteen | October 31, 2020 | Submitted refund to BPPR with debit card X5083 | $99,999 |
| Fifteen | November 3, 2020 | Submitted refund to BPPR with debit card X5083 | $5.00 |

In order to execute the scheme to defraud FirstBank, Defendant **[1] MELVIN E. RIVERA-OLIVERAS** submitted, and caused to be submitted the following:

| Count | Date | Action | Refund Amount Submitted |
|---|---|---|---|
| Thirty-One | July 1, 2022 | Submitted refund to FirstBank with debit card X5724 | $4,750 |
| Thirty-Two | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $5,500 |
| Thirty-Three | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $2,981 |

U.S. v. Melvin E. Rivera-Oliveras

| Thirty-Four | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $6,000 |
|---|---|---|---|
| Thirty-Five | July 2, 2022 | Submitted refund to FirstBank with debit card X5724 | $5,000 |
| Thirty-Six | July 4, 2022 | Submitted refund to FirstBank with debit card X5724 | $5,000 |
| Thirty-Seven | July 5, 2022 | Submitted refund to FirstBank with debit card X5724 | $9,000 |
| Thirty-Eight | July 6, 2022 | Submitted refund to FirstBank with debit card X5724 | $49,000 |
| Thirty-Nine | July 7, 2022 | Submitted refund to FirstBank with debit card X5724 | $82,719 |
| Forty | July 8, 2022 | Submitted refund to FirstBank with debit card X5724 | $90,000 |

Moreover, Defendant **[1] MELVIN E. RIVERA-OLIVERAS** admits that from on or about February 27, 2025, through on or about March 5, 2025, in the District of Puerto Rico, he knowingly executed and attempted to execute a scheme and artifice to defraud Oriental Bank, a financial institution insured by the FDIC, to obtain moneys, funds, credits, assets, securities and other property owned by, and under the control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises for the purpose of unlawfully enriching himself and others by defrauding Oriental Bank. Defendant **[1] MELVIN E. RIVERA-OLIVERAS** submitted fraudulent refund transactions using the POS system registered to RTS Transport Services, with MERCH ID 410W1541, to conduct fraudulent refund transactions using debit cards X5703 and X6113 associated with Oriental Bank accounts ending in X9883 and X5512. Each execution of the scheme and artifice, specifically each time Defendant requested Oriental Bank to issue a fraudulent refund to debit cards X5703 and X6113 associated with Oriental accounts ending in X9883

and X5512, constituted a false representation that was material in that Oriental Bank was influenced to believe that a legitimate refund transaction had been submitted and Oriental Bank Rico made the funds available to Oriental Bank accounts ending in X9883 and X5512.

In order to execute the scheme to defraud Oriental Bank, Defendant **[1] MELVIN E. RIVERA-OLIVERAS**, submitted, and caused to be submitted refund transactions totaling $98,899.43.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt as charged in Counts One to Fifteen and Thirty-One to Forty of the Indictment. Discovery was timely made available to Defendant for review.

_____
Marie Christine Amy
Assistant U.S. Attorney
Dated: Sep 25, 2025

_____
Melvin E. Rivera-Oliveras
Defendant
Dated: Oct. 10, 2025

_____
Jackson Whetsel, Esq.
Counsel for Defendant
Dated: Oct. 10, 2025